IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE S., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 24-5367 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                      July 25, 2025

Jermaine S. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Social Security Administration Commissioner's ("the Commissioner") final decision, denying his claim for Disability Insurance Benefits ("DIB") under Title II. Plaintiff filed a brief supporting his request for review, the Commissioner responded to it, and Plaintiff filed a reply. For the reasons set forth below, Plaintiff's Request for Review will be granted, and Judgment will be entered in Plaintiff's favor and against Defendant.

### I.     PROCEDURAL HISTORY[2]

On August 4, 2022, Plaintiff applied for DIB, alleging disability, beginning August 24, 2020, because of, *inter alia*, a right rotator cuff tear, degenerative disc disease of the cervical spine, cervical radiculopathy, degenerative disc disease of the lumbar spine, and obesity. R. at 24. The

---

[1] Frank Bisignano became Commissioner of the Social Security Administration on May 7, 2025. Pursuant to Fed. R. Civ. P. 25(d), Mr. Bisignano is substituted as Defendant in this suit. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this suit.
[2] This court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl.'s Br."), Defendant's Response to Request for Review of Plaintiff ("Def.'s Resp."), Plaintiff's Reply Brief ("Pl.'s Reply"), and the administrative record.

1

Social Security Administration ("SSA") initially, and upon reconsideration, denied Plaintiff's claim; hence, he requested a hearing. *Id.* at 2-3, 64-71, 73-80. On November 1, 2023, Plaintiff appeared telephonically before Administrative Law Judge ("the ALJ") Raina Goods. *Id.* at 43. Plaintiff, represented by an attorney, and vocational expert Harry Tanzey ("the VE") testified at the hearing. *Id.* On December 6, 2023, the ALJ, using the sequential evaluation process ("SEP") for disability,[3] issued an unfavorable decision. *Id.* at 33-34. The Appeals Council denied Plaintiff's request for review, on June 14, 2024, making the ALJ's findings the Commissioner's final determination. *Id.* at 1-3. Plaintiff sought judicial review from this court on October 7, 2024. Both parties have consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

## II.  FACTUAL BACKGROUND

A.  <u>Plaintiff's Personal History</u>

Plaintiff, born on November 19, 1971, R. at 43, was 48 years old on the alleged disability onset date. R. at 47. While Plaintiff attended college up until his junior year, he did not graduate.

---

[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If claimant is found not to have a severe impairment which significantly limits her physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, s/he is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

*Id.* at 50. He completed vocational training through an apprentice program for plumbing. *Id.* Plaintiff lives with his wife and daughter. *Id.* at 48.

B. <u>Plaintiff's Testimony</u>

Plaintiff testified that, after he injured himself while working as a plumber in August 2020, he had four surgeries. R. at 53. As a consequence of the injury, he cannot use his right arm to lift anything over ten pounds or sit for an extended period. *Id.* He can only sit for up to two hours before needing to get up and can only stand for two to three hours at most, before his neck and back stiffen or spasm. *Id.* at 54.

Plaintiff stated that he has a driver's license and is still able to drive. *Id.* at 49. However, he described the limitations he experiences driving; he cannot drive for over two hours or parallel park because his neck and shoulders stiffen up. *Id.* He also finds it difficult to type or write for extended periods and can no longer perform yard work. *Id.* at 55-56.

Plaintiff stated that he is on pain medication, including Oxycodone, Gabapentin, and Moxonidine. *Id.* at 53-54. He experiences drowsiness as a side effect of the medications. *Id.*

C. <u>Vocational Expert's Testimony</u>

At the November 1, 2023 hearing, the VE testified that, based on Plaintiff's file, he classified Plaintiff's past work as a plumber as skilled[4] heavy[5] work, performed at a very heavy[6] level. R. at 58.

---

[4] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustments to control or regulate the work. Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).

[5] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work." 20 C.F.R. § 404.1567(d).

[6] "Very heavy work involves lifting object weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds or more." 20 C.F.R. § 404.1567(e).

The ALJ asked the VE to consider a hypothetical individual of Plaintiff's age, education, and work experience, limited to light[7] work, who:

> can never climb ladders, ropes, or scaffolds or crawl; can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch as defined in the SCO; can occasionally reach, handle, push, and pull with the right upper extremity.

*Id.* The VE responded that, although this hypothetical individual could not perform Plaintiff's past relevant work, they could perform the unskilled[8] and light jobs of: (1) parking lot booth attendant, 40,000 positions nationally; (2) school bus monitor, 35,000 positions nationally; and (3) flagger, 30,000 positions nationally. *Id.* at 59.

The ALJ's second hypothetical included all previous restrictions and added a limitation to work that involves lifting and carrying only up to ten pounds frequently. *Id.* The VE responded that, while there would be no light jobs available for such an individual, they could perform the sedentary[9] jobs of: (1) surveillance monitor, 46,000 positions nationally; (2) account clerk, 121,000 positions nationally; and (3) order clerk, 96,000 positions nationally. *Id.* at 59-60.

### III. THE ALJ'S FINDINGS

In her decision, the ALJ issued the following findings:

---

[7] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

[8] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength. For example, we consider jobs unskilled if the primary work duties are handling, feeding and offbearing (that is, placing or removing materials from machines which are automatic or operated by others), or machine tending, and a person can usually learn to do the job in 30 days, and little specific vocational preparation and judgment are needed. A person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).

[9] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2025.

2. [Plaintiff] has not engaged in substantial gainful activity since August 24, 2020, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. [Plaintiff] has the following severe impairments: right rotator cuff tear; degenerative disc disease of the cervical spine; cervical radiculopathy; degenerative disc disease of the lumbar spine; and obesity (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can never climb ladders, ropes, or scaffolds or crawl; can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch as defined in the Selected Characteristics of Occupations. Additionally, [Plaintiff] can occasionally reach, handle, push, and pull with his right upper extremity.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on November 19, 1971, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. [Plaintiff] subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not [Plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

    10. Considering [Plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569 and 404.1569a).

    11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from August 24, 2020, through the date of this decision (20 CFR 404.1520(g)).

R. at 24-26, 32-33.

## IV.   DISCUSSION

### A.  Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if substantial evidence supports them. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

Overall, this test is deferential to the ALJ. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo*, might have reached a different conclusion. *Id.* Indeed, the court may not undertake a *de novo* review of the Commissioner's decision by reweighing the record evidence itself. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Rutherford v. Barnhart*, 399 F.3d 546, 552

(3d Cir. 2005); *Monsour Med. Ctr.*, 806 F.2d at 1190-91. Nor is the court permitted to "impose [its] own factual determinations." *Chandler*, 667 F.3d at 359; *see Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) ("We also have made clear that we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder."). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.   Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he cannot engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents a return to their past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that the impairment results in functional limitations to performing their past relevant work, then the burden of proof shifts to the Commissioner to prove that work exists in the national economy, which Plaintiff can perform given their age, education, work experience, and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff could not perform his past relevant work, he, nevertheless, could perform other work, because suitable jobs in the national economy exist in significant numbers. R. at 33. Appropriate light jobs included those identified by the VE: (1) parking lot booth attendant, (2) school bus monitor, and (3) flagger. *Id.* at 59.

Plaintiff disputes the ALJ's decision and argues that she reversibly erred because she ignored four opinions supporting greater limitations and failed to consider a sit/stand limitation adequately. Pl.'s Br. at 7, 11. The Commissioner counters that the ALJ properly reached her non-disability decision. Def.'s Resp. at 4. This court finds that the ALJ erred in both instances. Hence, Plaintiff's claims have merit.

1.    The ALJ Erred by Ignoring Four Opinions Supporting Greater Limitations

Plaintiff argues that the ALJ ignored four opinions that supported greater limitations than the ALJ credited.[10] Pl.'s Br. at 7. The Commissioner responds that the ALJ appropriately formulated Plaintiff's RFC. Def.'s Resp. at 6. This court finds that the ALJ erred when she failed to consider the four medical opinions at issue.[11]

The ALJ failed to address four opinions that would support greater limitations for Plaintiff. The VE's testimony relied on the ALJ's hypothetical, which described an individual who "can occasionally reach, handle, push, and pull with the right upper extremity." R. at 58. However, each of the four opinions at issue stated that Plaintiff could not reach overhead at all with his right

---

[10] Plaintiff also states that there are eleven opinions, which the ALJ did address, that "patently establish[] greater limitations than the ALJ's RFC." Pl.'s Br. at 10. However, he does not state an error made by the ALJ in her review of these opinions. Therefore, the court shall take no position on them.

[11] The opinions were provided by medical doctors Sajjad Savul, Juliet Tran, Mazell Winikor, and Lora Regan. R. at 440-41, 584, 597, 601.

arm. The ALJ need not discuss every relevant note in the record, but the ALJ may not "cherry-pick" results that support her conclusion and ignore those that do not. *See Rivera v. Astrue*, 9 F. Supp. 3d 495, 505 (E.D. Pa. 2014). The ALJ stated that she had carefully considered the entire record. R. at 24. Nonetheless, she proceeded to ignore relevant, consistent, and favorable evidence,[12] from multiple sources, that did not support her RFC assessment. This was error, and the court will remand.

    2. <u>The ALJ's Hypothetical to the VE Was Flawed</u>

Plaintiff takes issue with the ALJ's consideration of his need to alternate between sitting and standing every 30 minutes. Pl.'s Br. 11. This court finds that the ALJ failed to properly consider and explain her exclusion of the limitation from the hypothetical, thereby leaving the court no option but to find the hypothetical flawed.

In August 2023, treating provider Paul Lu, MD, found that Plaintiff needed to alternate between sitting and standing every 30 minutes to walk for five minutes, in order to relieve pain and discomfort. R. at 2007-08. The ALJ stated that she found the limitation to be persuasive because it was consistent with the other physical examination findings. *Id.* at 81. Nevertheless, she failed to include such a limitation in her hypothetical to the VE, without explanation, despite finding the reaching overhead limitation consistent with the record evidence.

This circuit has stated that a hypothetical question posed by an ALJ must reflect all of a claimant's limitations that are supported by the record; otherwise, the question is deficient. *Ramirez v. Barnhart*, 372 F.3d 546, 552-53 (3d Cir. 2004) (citations omitted). The ALJ here, without explanation, failed to include a limitation in the hypothetical that she found persuasive.

---

[12] The court notes that the VE testified that if the hypothetical was changed from occasional overhead reaching with the right upper extremity, to "never [reaching] with the right upper extremity," that "individual could not sustain any full-time competitive employment." R. at 61.

9

This omission is error, hence the court will remand on this basis as well.

## V.    CONCLUSION

This court finds that the ALJ failed to address why she ignored favorable evidence and did not convey a proper hypothetical to the VE.  Accordingly, Plaintiff's Request for Review is granted.  An implementing Order and Order of Judgment follow.